IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION


SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D
JUL 21 2017
BY_____ARTHUR JOHNSTON_____DEPUTY

SUSAN GREER                                                        PLAINTIFF

VS.                              CIVIL ACTION NO. 3:17cv615 CWR-LRA

UNUM LIFE INSURANCE COMPANY
OF AMERICA and UNUM GROUP
CORPORATION                                                       DEFENDANTS

## COMPLAINT

Plaintiff Susan Greer files this Complaint and demand for jury trial against Unum Life Insurance Company of America and Unum Group Corporation (collectively "UNUM") as follows:

### I. PARTIES

1. Plaintiff Susan Greer is an adult resident citizen of Copiah County, Mississippi.

2. Defendant Unum Life Insurance Company of America is a non-Mississippi corporation with its principal place of business located in Portland, Maine.

3. Defendant Unum Group Corporation is a Delaware corporation with its principal place of business located in Chattanooga, Tennessee. Unum Group Corporation may be served with process by serving its agent for service of process, Corporation Service Company, 5760 I-55 North, Suite 150, Jackson, MS 39211.

### II. JURISDICTION AND VENUE

1. This Court has exclusive jurisdiction pursuant to 29 U.S.C. § 1132(e)(2), since this action relates to the breach of an ERISA plan.

2. Venue is proper in the Northern Division of the Southern District of Mississippi, since the alleged breach took place in this division.

1

## III.  FACTS

3.  On the morning of May 22, 2014, Plaintiff was driving her car in the northbound lane of I-55 in Jackson, Mississippi. Plaintiff was driving to work.

4.  Plaintiff worked as a legal secretary at the law firm Baker Donelson Bearman Caldwell & Berkowitz in Jackson, Mississippi. Plaintiff had worked at Baker Donelson for nearly twenty years.

5.  While Plaintiff's vehicle was travelling north on I-55, Marion Cummings was operating an 18-wheeler tractor-trailer carrying a load of logs in the southbound lane of I-55.

6.  Cummings lost control of his vehicle, causing it to cross the barrier into the northbound lane.

7.  Cummings' vehicle and the logs he was carrying entered the northbound lane suddenly and without warning. Plaintiff had no time to react or avoid a collision.

8.  Cummings' vehicle collided with Plaintiff's vehicle head-on. Plaintiff's vehicle was travelling approximately 70 miles-per-hour at the time of impact.

9.  Plaintiff suffered life-threatening injuries. Plaintiff suffered injuries to her head, neck, inner ears, back, shoulders, right arm, abdomen, ribs, left hip and right leg (multiple fractures).

10.  Plaintiff endured a lengthy hospitalization and has undergone multiple surgeries to her leg, neck, abdomen and ears.

11.  Due to her injuries, Plaintiff was and is unable to perform the material and substantial duties of her occupation. Plaintiff is totally disabled from her work due to her injuries.

12. At the time of her injuries, Plaintiff was a participant in, and beneficiary of, an employee welfare benefit plan established by her employer as defined by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1002(1) and any amendments (the "Plan").

13. The Plan was Group Policy No. 219824001 issued to policyholder Baker, Donelson, Bearman, Caldwell and Berkowitz, PC. The name of the plan was: Baker, Donelson, Bearman, Caldwell and Berkowitz, PC Plan.

14. The Plan was issued by Defendant Unum Life Insurance Company of America, which was contractually obligated to provide benefits to participants under the Plan, including Plaintiff.

15. Unum Group Corporation administers the Plan from its offices located in Chattanooga, Tennessee and/or Columbia, South Carolina.

16. UNUM is the entity(s) responsible for determining whether claims such as Plaintiff's should be paid. Accordingly, UNUM is the claim administrator and fiduciary of the Plan for purposes of deciding whether benefits are payable. As the Plan administrator, claim administrator, insurer, and fiduciary or the Plan, UNUM are the proper party defendants in this action.

17. Following the car crash, Plaintiff could not work and, therefore, filed a claim for disability benefits. Plaintiff made a claim for disability benefits under the Plan and with the Social Security Administration.

18. UNUM accepted Plaintiff's claim, determined that Plaintiff was totally disabled and began paying Plaintiff disability benefits under the Plan.

19. In addition, the Social Security Administration made a separate determination that Plaintiff was disabled and began paying Plaintiff Social Security Disability benefits earned by Plaintiff.

20. Plaintiff received disability benefits from UNUM for the period May 22, 2014 through October 20, 2016.

21. Since the date of the car crash, Plaintiff was under the care of many physicians. As Plaintiff's treatment progressed, her two main physicians were Dr. Matthew Graves (orthopedic surgeon) and Dr. Michael Molleston (neurosurgeon). Both physicians have notified UNUM that Plaintiff is unable to return to work.

22. By letter dated August 31, 2016, in response to a July 12, 2016 request, Dr. Molleston notified UNUM that Plaintiff was unable to work due to evidence of spinal stiffness, right ankle stiffness, neck and right ankle pain, gait impairment and numbness of her hands.

23. At UNUM's request, on September 28, 2016, Plaintiff underwent a purported Independent Medical Examination ("IME") by Dr. Luke Lee in Baton Rouge, Louisiana.

24. UNUM selected Dr. Lee as the IME physician.

25. UNUM regularly hires Dr. Lee to perform IME examinations.

26. Plaintiff's IME was scheduled to begin at 9:00 a.m., but did not begin until 9:35 a.m. because Dr. Lee was late.

27. Plaintiff's IME by Dr. Lee lasted less than one hour.

28. During the examination, Dr. Lee repeatedly cut Plaintiff off from talking so that she was unable to explain her condition to him and complained about the volume of Plaintiff's medical records that he was expected to review.

29. Dr. Lee acted like he was in a hurry during Plaintiff's examination.

30. After the IME, Dr. Lee generated a report that stated that Plaintiff was capable of performing full time work.

31. Additionally, Dr. Lee's report contains untrue and inaccurate statements that did not apply to Plaintiff, her IME or her underlying medical conditions. Dr. Lee apparently confused Plaintiff with other examinees and mixed up information in his report.

32. Because UNUM was a source of past and future business, Dr. Lee was biased and had a financial incentive to conclude that Plaintiff was capable of working so that UMUM could stop paying Plaintiff her earned disability benefits.

33. By letter dated October 7, 2016, a UNUM medical consultant notified Dr. Graves of Dr. Lee's conclusion that Plaintiff could work full time and asked him to fill out a questionnaire as to whether Plaintiff could work. Dr. Graves replied that Plaintiff could not perform the sedentary work that Dr. Lee opined Plaintiff could perform full time.

34. By letter dated October 19, 2016, UNUM notified Plaintiff that as a result of its decision to deny her long-term disability benefits, it would not continue to pay her benefits. UNUM stated that the reason for its decision was: "[w]e have determined you are able to perform the duties of your occupation. Because you are no longer disabled according to the policy as of October 19, 2016, benefits are no longer payable."

35. According to UNUM's denial letter, it made its decision despite the fact that none of Plaintiff's treating physicians opined that she could work and two of her physicians recently told UNUM that Plaintiff could not work.

36.  In summary, after failed efforts to obtain support from Plaintiff's doctors that she could work, UNUM proceeded with its premeditated plan to stop paying Plaintiff her earned disability benefits.

37.  Plaintiff timely appealed UNUM's denial by letter dated January 11, 2017.

38.  By letter dated May 1, 2017, UNUM summarily denied Plaintiff's appeal.

39.  In denying Plaintiff's appeal, UNUM stated in part: "[w]e concluded you are able to perform the duties of your occupation and no longer meet the policy definition of disability based on your physical conditions."

40.  Plaintiff has exhausted all administrative remedies available under the Plan to the extent of the law with respect to all causes of action raised in this Complaint.

41.  Accordingly, Plaintiff has the right to bring this civil action under section 502(a) of ERISA.

## IV. CAUSES OF ACTION

### A. Breach of Contract

42.  Plaintiff earned the total disability benefits under the Plan from her many years of outstanding and dedicated service to her employer.

43.  UNUM owed a contractual duty to Plaintiff to pay her the benefits due under the Plan.

44.  UNUM breached its contractual duty to Plaintiff by terminating her disability benefits due under the Plan.

45.  UNUM's contractual breaches included failing to examine Plaintiff's medical records in an unbiased manner and failing to administer her claim in a reasonable manner.

6

46.     Plaintiff has suffered damages as a proximate result of UNUM's breach of contract in the form of past and future total disability benefits.

### B.     Breach of fiduciary duty and duty of good faith and fair dealing

47.     As Plan fiduciary, UNUM owed a fiduciary duty to Plaintiff.

48.     In addition, UNUM owed Plaintiff an implied duty of good faith and fair dealing.

49.     UNUM breached its fiduciary duty and implied duty of good faith and fair dealing to Plaintiff by pre-deciding to terminate her disability benefits and then manufacturing evidence to support its earlier decision.

50.     UNUM's breaches of its fiduciary and implied duties proximately caused Plaintiff to suffer damages.

### C.  Bad Faith

51.     Based on Plaintiff's medical records, letters from her actual treating physicians, and disability classification by the Social Security Administration, UNUM knew that Plaintiff was totally disabled from work.

52.     Notwithstanding UNUM's knowledge, it implemented a pre-decided scheme to deny Plaintiff the total disability benefits that she earned and that her employer paid for as a benefit of her employment.

53.      UNUM had no legitimate or arguable basis to terminate Plaintiff's total disability benefits and deny her claim.

54.     UNUM acted with malice, gross negligence and/or willful and reckless disregard of Plaintiff's rights.

### D. Negligent Infliction of Emotional Distress

55. UNUM owed Plaintiff a duty to reasonably and timely administer her claim under the Plan.

56. UNUM conducted a farcical and deficient investigation and a bogus IME.

57. UNUM disregarded Plaintiff's medical records and her treating physicians.

58. UNUM failed to analyze and investigate why its IME physician (Dr. Lee) reached a conclusion that was directly contradicted by Plaintiff's medical records and her treating physicians who were not on UNUM's payroll.

59. In summary, UNUM adopted the conclusions of its 'hired gun' 'doctor' without conducting any investigation or analysis of possible errors in Dr. Lee's analysis, records or conclusion.

60. Further, UNUM's IME physician (Dr. Lee) was rude and hostile to Plaintiff during the IME in an effort to stop her from telling him evidence that would contradict his rigged conclusion that she could work.

61. UNUM's actions and the actions of its IME physician caused Plaintiff to suffer emotional distress and anxiety.

## V.   DAMAGES

62. Plaintiff seeks all damages that she is entitled to recover, including the following:

   a. Contractual benefits under the Plan;

   b. All other economic damages that she is entitled to recover;

   c. All non-economic damages that she is entitled to recover;

   d. Punitive damages;

    e.  Attorney's fees and expenses;

    f.  Pre and post judgment interest;

    g.  Costs; and

    h.  Any other relief Plaintiff is entitled to recover.

This the 20th day of July, 2017.

                Respectfully Submitted,

                SUSAN GREER

                By Her Attorney:

                /s/ Philip W. Thomas
                PHILIP W. THOMAS
                MS Bar No. 9667

PHILIP W. THOMAS LAW FIRM
Post Office Box 24464
Jackson, Mississippi 39225-4464
pthomas@thomasattorney.com
(601) 714-5660