IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**SUSAN GREER**   **PLAINTIFF**

**V.**   **CAUSE NO. 3:17-CV-615-CWR-LGI**

**UNUM LIFE INSURANCE COMPANY**   **DEFENDANTS**
**OF AMERICA, et al.**

**ORDER**

    Plaintiff Susan Greer seeks judicial review of the final decision of Unum Life Insurance Company of America, denying her long-term disability insurance benefits under an employee welfare benefits plan. Before the Court are the defendant's motions to strike. Docket Nos. 60 & 80. For the reasons stated below, the Court will deny both motions.

    The Federal Rules of Civil Procedure do not provide for a motion to strike documents or portions of documents other than pleadings. *See* Fed. R. Civ. P. 12(f). Instead, trial courts make use of their inherent power to control their dockets when determining whether to strike documents. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (holding that trial courts possess inherent power to "manage their own affairs so as to achieve an orderly and expeditious disposition of cases"). During the summary judgment stage—the standard applicable in this ERISA case—a party may object to summary judgment on the grounds that evidence supporting or disputing a fact will not be admissible at trial. Fed. R. Civ. P. 56(c)(2); *see Ramirez v. United of Omaha Life Ins. Co.*, 872 F.3d 721, 725 (5th Cir. 2017) ("Standard summary judgment rules control in ERISA cases."). The Court decides preliminary questions about whether evidence is admissible under the Federal Rules of Evidence. *See* Fed. R. Evid. 104(a).

### A. Unum's Motion to Strike Plaintiff's Exhibit 1

Unum first argues that Greer's "Chronology," a document summarizing the 3,165-page Administrative Record, should be stricken because it "is not evidence" nor is it admissible under the Federal Rules of Evidence. Docket No. 60 at 1. Unum also contends that the Chronology is a cherry-picked "summary" of Greer's claims that contain editorial comments. *Id.* Greer opposes the motion, responding that Exhibit 1 is proper under Federal Rule of Evidence 1006.

Rule 1006 is a straightforward rule. It permits a party to use a summary to prove the contents of "voluminous writings" that cannot be conveniently examined. Fed. R. Evid. 1006; *see also United States v. Smith*, 822 F.3d 755, 759 (5th Cir. 2016). "The purpose of the [summary evidence] rule is to allow the use of summaries when the documents are unmanageable or when the summaries would be useful to the judge and jury." *United States v. Rizk*, 660 F.3d 1125, 1130 (9th Cir. 2011). A Rule 1006 summary can summarize voluminous writings whether or not those writings are actually admitted at trial. *United States v. Valencia*, 600 F.3d 389, 417 (5th Cir. 2010).

The Fifth Circuit has stated that summary charts are admissible if: "(1) they are based on competent evidence already before the jury, (2) the primary evidence used to construct the charts is available to the other side for comparison so that the correctness of the summary may be tested, and (3) the jury is properly instructed concerning the use of the charts." *S.E.C. v. Seghers*, 298 F. App'x 319, 325 (5th Cir. 2008). The admission of summaries is a matter within the discretion of the district court. *Irons v. Aircraft Serv. Int'l, Inc.*, 392 F. App'x 305, 314 (5th Cir. 2010) (citing *Donovan v. Janitorial Servs., Inc.*, 672 F.2d 528, 531 (5th Cir.1982)).

In this case, the Court finds that Greer's chronology meets these requirements. The summary addresses a more than 3,000-page Administrative Record (the underlying evidence in this case), which was produced on May 9, 2018.

Unum argues that Exhibit 1 should be stricken for a host of different reasons. Each of them, however, is unpersuasive. First, Unum contends that the Chronology is incomplete, but this contention is unavailing because, as Greer correctly points out, "Unum does not explain how [the] chronology is incomplete."[1] Docket No. 63 at 3. Next, Unum argues that the Chronology should be stricken because it is cherry-picked and contains editorial comments. However, it cites no cases supporting these arguments. But even if so, it would not change the Court's ruling because Greer's summary does not contain any misleading opinions or information. Moreover, Greer offers no editorial conclusions or arguments in her exhibit.

Additionally, Unum asks the Court to strike the Chronology because the exhibit is the type of material that should be included in a reply brief. But Unum does not cite any authority to support this argument.

Unum's other objections are not properly before the Court because they are not addressed or referenced in its original motion to strike and instead are brought in its reply brief. Courts rarely address arguments that are first brought in a reply brief. *See, e.g.*, *Weber v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 455 F. Supp. 2d 545, 551 (N.D. Tex. 2006); *see also Senior Unsecured Creditors' Comm. of First Republic Bank Corp. v. FDIC*, 749 F. Supp. 758, 772 (N.D. Tex. 1990). The Court will decline to do so here.

For these reasons, the Court denies Unum's first motion to strike.

---

[1] Even assuming *arguendo* that the summary is incomplete, the question then becomes, does Rule 1006 mandate the summarization of *all* the information in the over 3,000-page administrative record? The Court believes that to ask this question is to answer it. Such a construction would plainly contradict Rule 1006's purpose and would turn the rule on its head.

### B. Unum's Second Motion to Strike

Next, Unum moves to strike several exhibits attached to Greer's Supplemental Motion for Judgment. Unum list 11 documents it seeks to have stricken.[2] The motion does not articulate any grounds justifying the sought relief. Nor does Unum provide a supplemental memorandum on the matter. Instead, it argues in a separate motion that these materials are outside of the Administrative Record and thus are inadmissible.

Greer contends that the motion should be denied for a litany of reasons. First, Greer argues that the evidence is within the limited exception for extra-record evidence in ERISA cases. Second, the evidence of Unum's misconduct is relevant to the case's standard of review. Third, Unum is judicially estopped from trying to bar this evidence. And lastly, Unum's record of misconduct is relevant to the case.

It is well-settled that evidence regarding the "the merits of the coverage determination [under ERISA]—i.e. whether coverage should have been afforded under the plan" *Crosby v. Louisiana Health Serv. & Indem. Co.*, 647 F.3d 258, 263 (5th Cir. 2011), is limited to evidence that "is in the administrative record, relates to how the administrator has interpreted the plan in the past, or would assist the court in understanding medical terms and procedures." *Id.* (citation omitted). While courts may not consider extra-record evidence about the substance or basis of an ERISA administrator's determination, courts have recognized a limited exception for extra-record evidence. *Id.*; *see also Murphy v. Deloitte & Touche Grp. Ins. Plan*, 619 F.3d 1151, 1161–62 (10th

---

[2] These Include: The Regulatory Settlement Agreement (Docket No.72-1); Amendment to Regulatory Settlement Agreement (Docket No. 72-2); Statement Regarding Professional Conduct (Docket No. 72-3); Deposition of Robert Brown (Docket No. 72-4); Deposition of Janet Shepard (Docket No. 72-5); Deposition of Dr. Tony Smith (Docket No. 72-6); Deposition of Wendy Tipton (Docket No. 72-7); Unum Medical Information and Resources Policy (Docket No. 72-8); Greer's SSDI Form 831 (Docket No. 72-9); Unum's Social Security Significant Weight Policy (Docket No. 72-10); and Unum's Medical Peer to Peer Contact Policy (Docket No. 72-11).

Cir. 2010) (recognizing exceptions to the general rule barring consideration of extrinsic evidence in ERISA cases).

As the *Crosby* court explained, the limited exception does not extend to other questions which may arise in an ERISA action, such as "(1) the completeness of the administrative record; (2) the plan administrator's compliance with ERISA's procedural regulations; and (3) "the existence and extent of a conflict of interest created by a plan administrator's dual role in making benefits determinations and funding the plan." *Crosby*, 647 F.3d at 263.

In sum, courts are prohibited from considering materials outside the administrative record if they are sought to be introduced to address the claimant's eligibility for benefits. *Id.* However, this general restriction does not conclusively prohibit a district court from considering extra-record materials.

In the present case, Greer argues that her exhibits should not be stricken because they are evidence that goes to the heart of the *Crosby* exception. The Court agrees and finds that the exhibits should not be stricken. Greer's exhibits offer no new medical records, declarations, or affidavits from her physicians supporting her claim. Instead, she seeks to introduce evidence related to the scope and impact of her claims of conflict of interest, cherry-picking, bias, and procedural irregularities by Unum. The RSA, Examination Report, and evidence of Unum's noncompliance with its own policies, for example, are relevant to Unum's handling of Greer's benefit requests in its dual role in making benefits determinations and funding its plan. Additionally, the depositions of Unum employees, in particular Dr. Tony Smith, are relevant to whether it correctly interpreted and implemented its policies. While "merits of coverage determination" refers to the factual determinations by the plan administrator, policy interpretations, as at issue here, do not. *See S. Farm Bureau Life Ins. Co. v. Moore*, 993 F.2d 98, 102 (5th Cir. 1993).

Likewise, Greer's SSA Forms and accompanying documents are proper in order to complete the Administrative Record. It is undisputed that Greer suffered a severe car accident, which gave rise to this suit. It is further undisputed that Greer's social security disability claim was effective from the date of the car wreck, not from the date of her depression diagnosis, which occurred nearly two months later. Unum knew all of these facts. Supplementation, such as this, "completes the record by adding something that 'should have properly been included in the administrative record [but] was not . . . [due to] a clerical error' or for any other reason." *La Union del Pueblo Entero v. Fed. Emergency Mgmt. Agency*, 141 F. Supp. 3d 681, 694 (S.D. Tex. 2015) (citation omitted). If the information was available to Unum's administrator prior to Greer's suit and the administrator had a fair opportunity to rely on it, the Court will consider it part of the Administrative Record.[3]

Again, Unum makes several further arguments that the exhibits should be stricken, but they are not properly before the Court as they are not addressed in its original motion to strike and instead are brought in its reply brief. *Weber*, 455 F. Supp. 2d at 551.

The Court finds it appropriate to consider the filings in connection with the pending motions for summary judgment and the related non-coverage issues of conflict of interest, bias, and the appropriate standard of review in this case. The exhibits will be considered only to the extent they are relevant to these issues.

For the foregoing reasons, Unum's motions to strike are denied.

**SO ORDERED**, this the 25th day of August, 2021.

                                                 s/ Carlton W. Reeves
                                                 UNITED STATES DISTRICT JUDGE

---

[3] Because the Court found that the exhibits were proper under *Crosby*, the Court need not address plaintiff's secondary arguments.